314

CARLITOS DÍAZ Y OTROS, querellantes y recurridos, *v.* HOTEL MIRAMAR CORPORATION y/o JUAN JOSÉ OTERO, querellados y recurrentes.

*Número:* R-71-29 *Resuelto:* 31 de enero de 1975

*Leonardo Llequis,* abogado de los querellados y recurrentes; *Amadeo, Benet & Oliveras, Rodolfo Gluck Figueroa* y *Emigdio R. Sellés,* abogados de los querellantes y recurridos.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

Es requisito inherente para la existencia y supervivencia futura de nuestro sistema judicial, que este Tribunal en su misión constitucional de pautar y realizar Justicia, inyecte rapidez a todos los procedimientos ante su consideración haciendo extensivo este enfoque a los tribunales de primera ins-

tancia mediante el establecimiento de normas jurisprudenciales claras, precisas y consistentes. Este proceso dinámico decisional e institucional del Tribunal cobra mayor validez tratándose de procedimientos especiales en que los otros poderes constitucionales—legislativo y ejecutivo—en el ejercicio válido de aprobar leyes, han expresado su sentir sobre los asuntos que a su juicio merecen especial atención. [1]

La esencia y médula del trámite fijado para casos sobre reclamaciones de salarios consagrado en la Ley Núm. 2 del 17 de octubre de 1961, según enmendada, constituye el procesamiento sumario y su rápida disposición. Desprovisto de esta característica, resulta un procedimiento ordinario más, en el cual la adjudicación final que oportunamente recaiga, resulta incompatible con alcanzar, en su máxima expresión, el mandato legislativo de diligencia en el dictamen judicial.

Revocar totalmente la resolución emitida en el caso de autos conforme lo solicita la parte querellada, implicaría desatender y desvirtuar los principios previamente expuestos y conllevaría aún más fundamentalmente un ejercicio irrazonable de nuestra función revisora sobre las gestiones de un tribunal de instancia, cuya única actuación ha sido la de cumplir cabalmente con las disposiciones de la ley. Con ello además estaríamos propiciando una continuada laxitud entre los participantes del sistema de administración de justicia en la tramitación de casos análogos, obstaculizando la pronta solución de los mismos. Véase: *Informe Sometido al Consejo sobre la Reforma de la Justicia en Puerto Rico por el Comité Laboral* de 30 de septiembre de 1974, págs. 45–47.

---

[1] En *Dorado Beach Corp.* v. *Tribunal Superior*, 92 D.P.R. 610 (1965), reconocimos la facultad de la Asamblea Legislativa para enmendar, derogar o complementar cualquier regla de procedimiento adoptada por este Tribunal en lo concerniente a la reglamentación especial de reclamaciones de salarios. En *Landrum Mills Corp.* v. *Tribunal Superior*, 92 D.P.R. 689 (1965), sostuvimos la constitucionalidad de la Ley Núm. 2 de 17 de octubre de 1961.

El trasfondo de hechos pertinentes en la exposición y resolución del caso son los que a continuación relacionamos en forma condensada. En 14 de septiembre de 1970, los querellantes recurridos instaron acción sobre "Querella sobre Reclamación de Salarios (Procedimiento Sumario)", reclamando de los querellados recurrentes Hotel Miramar Corp. y/o Juan José Otero la cantidad total de $38,703.00 en concepto de vacaciones acumuladas y horas regulares no compensadas más la penalidad de ley. (²) El tribunal expidió en dicha fecha una orden (³) de notificación bajo apercibimiento de dictar sentencia por incomparecencia, la cual fue diligenciada el día posterior. El 6 de octubre de 1970 los querellantes solicitaron sentencia en rebeldía y el 8 de octubre compareció la parte querellada solicitando prórroga mediante moción, a lo cual se opusieron inmediatamente los primeros por no estar jurada. El 15 de octubre el tribunal de instancia, emitió una resolución declarándose sin jurisdicción por no haberse cumplido con el requisito de juramentación. En 28 de octubre la parte querellada radicó su contestación que se circunscribe a una negativa general y específica de todas las alegaciones de la querella sin plantearse ninguna defensa afirmativa.

El tribunal dictó sentencia en 30 de octubre declarando con lugar la demanda, y a solicitud de los querellantes expidió en 4 de noviembre de 1970, una orden de embargo diligenciada posteriormente sobre la cantidad de $8,500.00 depositada en una institución bancaria.

Una moción de reconsideración y en oposición al embargo de los querellados recurrentes fue declarada sin lugar en 29 de diciembre de 1970; dictamen notificado en 4 de enero de 1971. La sentencia se convirtió en final, firme e inapelable

---

(²) La Sentencia del Tribunal sólo reconoció la suma de $14,401.44, las costas y $2,000.00 en honorarios de abogado.

(³) La misma sigue el lenguaje establecido en la ley especial previamente mencionada consignando *ad-verbatim* los efectos de una incomparecencia.

por no haber ninguna de las partes interpuesto oportunamente revisión.

En 22 de enero de 1971 la parte querellada procedió a someter una moción bajo la Regla 49.2 solicitando relevo de la sentencia aduciendo que la persona natural de Juan José Otero no era responsable de las obligaciones corporativas del Hotel Miramar Corp. y que la sentencia dictada era contraria a la Constitución y a las mejores normas de justicia. Discutida la misma—en la cual los promoventes sometieron un Certificado de Incorporación de la entidad Hotel Miramar Corp. y copia del convenio colectivo suscrito por la unión a la cual pertenecían los querellantes—el tribunal en 4 de febrero de 1971, en corte abierta la declaró sin lugar. En dicha ocasión, el distinguido juez sentenciador invitó a las partes a transigir la reclamación. Ese mismo día, la parte querellada interpuso la presente solicitud.

Ante nuestra consideración se señalan y discuten cuatro (4) errores. Analizaremos el segundo, tercer y cuarto error inicialmente, posponiendo el primero para el final de esta Opinión.

*SEGUNDO ERROR:*

"La aplicación que se hizo de la ley número 2 del 17 de octubre de 1961 es errónea porque la misma no era extensiva a los procedimientos de este caso."

Los querellados fundamentan este error en el argumento de que los reclamantes no se acogieron expresamente al procedimiento especial y sumario de dicha ley—siendo aplicable el procedimiento civil ordinario—que no requiere que una solicitud de prórroga sea jurada. No les asiste la razón.

Tanto del encabezamiento como de la reclamación surge diáfanamente claro que la acción fue instada bajo el procedimiento especial. Así, la acción se denomina *Querella*, las partes son caracterizadas como *querellantes* y *querellados* y la naturaleza del asunto se identifica como *"Reclamación de Salarios (Procedimiento Sumario)"*. Este epígrafe, denomina-

ción y caracterización se sigue en la providencia sobre citación emitida por el tribunal a querellados bajo el título de *Orden* que les apercibe—conforme el trámite especial sumario —de la necesidad de una comparecencia so pena de dictarles sentencia en su contra. Más que una interpretación, la lectura de la querella y los términos de la orden, ponen de manifiesto que la acción era instada bajo el procedimiento sumario. Bajo tales circunstancias, el no haberse consignado el número específico de la ley especial no desvirtúa el carácter especial de la acción y las consecuencias del mismo.

 Siendo aplicable al caso de autos la Ley Núm. 2 de 17 de octubre de 1961, 32 L.P.R.A. sec. 3118 y ss., actuó correctamente el tribunal de instancia al negarse a considerar la tardía solicitud de prórroga no jurada presentada por los querellados para contestar la demanda. Irrespectivamente de no haberse cumplido con el requisito de juramentación, la razón aducida para su concesión—cúmulo de trabajo del abogado—sin especificación alguna al respecto, era insuficiente para que el tribunal favoreciera una extensión en tiempo dentro del contenido y alcance de la ley especial que exige que: "... de la faz de la moción ... [surja] causa justificada."

No es de aplicación al caso que nos ocupa la norma sentada en *Srio. del Trabajo v. Tribunal Superior*, 91 D.P.R. 864 (1965). Distinto a la situación de autos, las razones aducidas en la prórroga formulada en dicho caso eran de tal naturaleza meritorias que la interpretamos como una negativa a los hechos expuestos en la reclamación allí instada, quedando desde dicho momento trabada la contienda. En su trayectoria y perspectiva precedencial, tanto el caso de *Srio. del Trabajo v. Tribunal Superior*, supra, como el de *Murphy Lugo v. Atl. So. Insurance Co.*, 91 D.P.R. 335 (1964), no pueden entenderse como que han dejado inoperantes los requisitos de juramentación de prórroga y exposición de causa justificada exigidos en la ley que nos ocupa. Estos requisitos

constituyen parte del procedimiento especial cuya finalidad es la pronta solución de las reclamaciones de salarios.

■ Sobre la formulación de prórrogas, resulta oportuno destacar, que salvo circunstancias especialísimas fuera del control de los abogados y de las partes—que vislumbramos como excepcionales y poco frecuentes—una solicitud de prórroga tiene que ser radicada en la secretaría del tribunal correspondiente dentro del término inicial que tiene la parte para formular su contestación a la querella. Igual enfoque se impone en cuanto a prórrogas relativas al cumplimiento de otros términos relacionados con descubrimiento de prueba y las diversas etapas del procedimiento. No deben continuar prevaleciendo prácticas procesales que han estado sobrecargando indebidamente el sistema de justicia puertorriqueño, impidiendo la pronta solución de casos de esta naturaleza.

No habiendo cumplido la parte querellada recurrente con los requisitos de juramentación de prórroga y exposición de causa justificada, fue correcta la resolución del tribunal a quo de 15 de octubre de 1970 que denegó la misma.

*TERCER ERROR:*

"Incidió el Tribunal al dictar Sentencia contra los demandados, sin notificar previamente a éstos; por expedir su fallo sin que la solicitud al efecto fuera previamente notificada por los promoventes y al conceder el embargo sin previa vista."

Este error se argumenta aduciendo la parte recurrente la aplicabilidad al caso de autos de la Regla 45.2 (b) de las de Procedimiento Civil vigentes que en lo pertinente dispone: "Cuando la parte contra la cual se solicita sentencia en rebeldía *haya comparecido en el pleito, dicha parte será notificada con copia de la solicitud* de sentencia con tres (3) días por lo menos de antelación a la vista de dicha solicitud." (Énfasis suplido.) También sostiene como error, la concesión de un embargo sin la celebración de una vista conforme lo exige la Ley Núm. 107 de 21 de junio de 1968.

■ La realidad de los hechos, unida a la norma procesal jurídica aplicable, derrotan ambas proposiciones. De la relación del caso expuesta al inicio de esta opinión se desprende que desde el 15 de septiembre de 1970 ya la parte querellada había sido válidamente citada, y que para la fecha en que los querellantes solicitaron se dictara sentencia—6 de octubre de 1970—todavía no habían efectuado comparecencia alguna. Es en 8 de octubre que por primera vez los querellados comparecen mediante la moción de prórroga imperfecta e inoperante, que como hemos resuelto, no confirió jurisdicción al tribunal. Siendo ello así, aún bajo la premisa de que la citada Regla 45.2(b) de Procedimiento Civil fuera extensiva al procedimiento sumario, la misma no era aplicable por no haber mediado comparecencia previa.

Sin embargo, estimamos que debemos resolver la cuestión de si la Regla 45.2(b) se extiende a los procedimientos tramitados bajo la Ley Núm. 2 de 17 de octubre de 1961, en virtud de lo dispuesto en el párrafo 4 (32 L.P.R.A. sec. 3120) de la Sec. 3 de la misma, que reza del siguiente modo: "En los casos que se tramiten con arreglo a esta ley se aplicarán las Reglas de Procedimiento Civil en todo aquello que *no esté en conflicto con las disposiciones específicas* de esta ley o con el carácter sumario del procedimiento establecido . . . ." (Énfasis suplido.)

En su sentido literal y espiritual la clave del párrafo de la ley que nos ocupa para resolver si determinado trámite ordinario del cuerpo de reglas procesales civiles de 1958 cubre o no al procedimiento especial, se logra examinando y determinando si la regla envuelta resulta conflictiva o contraria con alguna disposición específica de la ley especial, y con el carácter sumario del procedimiento.

■ Bajo los términos de dicha disposición hemos resuelto que son aplicables la Regla 13.2 de Procedimiento Civil—en lo referente a la enmienda de las alegaciones para conformarlas a la prueba—*Secretario del Trabajo* v. *Vélez*, 86 D.P.R.

585 (1962) ; las Reglas 6.3 y 10.4 sobre consolidación de defensas con relación a la Regla 13.1 en lo relativo al permiso para enmendar las alegaciones, *Matos Velázquez* v. *Proctor Manufacturing Corp.*, 91 D.P.R. 45 (1964) ; la Regla 49.2 sobre relevo de sentencia, *Murphy Lugo*, supra; y las limitaciones de dicha Regla 49.2 en cuanto a su radicación, *Secretario del Trabajo* v. *Tribunal Superior*, supra. No se nos había planteado el aspecto referente a la Regla 45.2 de Procedimiento Civil en el extremo de la notificación previa en casos de rebeldía.

La exigencia de notificación previa antes de mediar sentencia en rebeldía, pugna con las disposiciones de la ley especial que establecen el siguiente deber judicial:

1. Que la orden de notificación y citación de la querella aperciba que de no comparecer el querellado ". . . . se dictará sentencia en su contra, concediendo el remedio solicitado, *sin más citarle ni oírle.*" Sec. 3, primer párrafo (32 L.P.R.A. sec. 3120).

2. Que "Si el querellado no radic[a] su contestación a la querella en la forma y en el término dispuestos en la sec. 3120 . . . , el juez dict[e] sentencia contra el querellado, a instancia del querellante concediendo el remedio solicitado." Sec. 4, segundo párrafo (32 L.P.R.A. sec. 3121).

■ Existiendo tales disposiciones concluimos que el trámite establecido en la ley especial sobre reclamaciones de salarios no exige el requisito de notificación previa de la solicitud de sentencia para que un tribunal pueda dictar una sentencia válida cuando una parte no ha radicado su contestación a la querella en la forma y manera que exige la ley. Concluir lo contrario sería además desatender el segundo criterio evaluativo que proyecta la disposición de ley prescrita sobre el carácter rápido y sumario del procedimiento.

■ No cometió error el tribunal de instancia al decretar el embargo sin la vista que exige la Ley Núm. 107 de 21 de

junio de 1968 ya que a la fecha de su expedición, 4 de noviembre de 1970, existía la sentencia válida dictada en 28 de octubre y notificada a las partes en 30 de octubre. En tales circunstancias, la mencionada ley era inaplicable por tratarse de un embargo no ya en aseguramiento de la efectividad de la sentencia, según fuera originalmente peticionado, sino uno en ejecución de sentencia; actuación que no exige notificación previa ni vista conforme la Sec. 14 de la ley especial, (32 L.P.R.A. sec. 3131), como tampoco lo requieren las reglas ordinarias de procedimiento civil. *Avilés Vega* v. *Torres,* 97 D.P.R. 144 (1969). Tampoco era necesaria la prestación de fianza al momento de su expedición por resultar la culminación de un remedio gestionado con posterioridad a la sentencia. Regla 56.3 de Procedimiento Civil vigente.

*CUARTO ERROR:*

"Incidió el Tribunal Sentenciador cuando después de ratificar su fallo invitó a las partes a transigir el pleito."

Oportuno es dejar sentado que ni en la argumentación ni en el récord, este señalamiento conlleva la más mínima imputación al magistrado que intervino en el proceso, sino que los recurrentes a las siguientes expresiones le atribuyen ". . . que el Tribunal subconcientemente reconocía la injusticia envuelta."

Juez: "Sin lugar. No tiene razón el compañero. ¿Hay alguna posibilidad de arreglar por la vía de conversación?

Abogado Parte Querellada: No, Vuestro Honor; *se sostiene que somos responsables hasta cierta cantidad, pero no la cantidad que dice la sentencia,* en eso sí estamos tocando en la misma nota del Tribunal.

Abogado Parte Querellante: El Tribunal dicta sentencia por unos catorce mil. A nuestro juicio tiene derecho a veintiocho mil, porque tiene derecho a una cantidad igual por penalidad. En el supuesto que fuera responsable por una sola cantidad, habría que aplicarla y no hemos dispuesto sobre eso.

Juez: Las mociones sin lugar. Con relación a lo otro, ¿nos vamos a reunir en cámara?

Abogado Parte Querellada: Esta bien, Vuestro Honor."

■ Habiendo la parte querellada como parte de su argumentación de la moción de relevo de sentencia, aceptado la responsabilidad de adeudar una cantidad indeterminada a los reclamantes, bien podía el tribunal sentenciador tratar en dicha etapa de conciliar los criterios de las partes al respecto. Sobre el estado subconciente del tribunal, la frivolidad del apuntamiento no exige análisis alguno, excepto señalar la facultad inherente de los tribunales en su misión básica de resolver controversias, de pulsar y propiciar acuerdos entre las partes que pongan fin a los litigios, ello dentro de las mejores normas éticas de ponderación, prudencia, rectitud e imparcialidad.

Resta considerar el primer error discutido, que a juicio nuestro es meritorio. Señala lo siguiente:

"La inclusión del señor Juan José Otero como deudor por Sentencia no está sostenida ni por la prueba ni por las alegaciones. Tal inclusión lesiona gravemente sus derechos propietarios, a tal punto que la ejecución de sentencia lo priva de su propiedad sin el debido proceso de ley."

Al sostener este error, el querellado Juan José Otero aduce que la sentencia sólo procedía contra la entidad jurídica Hotel Miramar Corporation que era la que contrató, en virtud de convenio colectivo con los querellantes, el pago de los haberes reclamados.

Este hecho quedó *prima facie* demostrado en la vista sobre la moción de relevo de sentencia al producirse y admitirse en evidencia copias del Certificado de Incorporación de dicha entidad y del Convenio Colectivo otorgado en 14 de julio de 1967 entre las partes.

■ Siendo ello así, el tribunal de instancia en virtud de la facultad que le confiere la Sec. 7 de la Ley Núm. 2 de 17 de octubre de 1961 (32 L.P.R.A. sec. 3124), debió re-

levar al querellado Otero de los efectos de la misma, permitiéndole litigar su responsabilidad personal.

Por los fundamentos expuestos *se dictará Sentencia modificándose la resolución del Tribunal Superior, Sala de San Juan, el 4 de febrero de 1971 a los únicos efectos de relevar al querellado Juan José Otero de la sentencia de 30 de octubre de 1970, y así modificada se confirma.*

El Juez Presidente, Señor Trías Monge y el Juez Asociado, Señor Torres Rigual, no intervinieron.