TEXTO COMPLETO DE LA RESOLUCION
Considerada la Petición de Certiorari presentada por la parte querellante-peticionaria, Iris Ríos Rodríguez, se deniega la misma.
*985 El 12 de enero de 1995 la peticionaria presentó una querella bajo el procedimiento sumario establecido en la Ley Núm. 2 del 17 de noviembre de 1961, 32 L.P.R.A. See. 3118, et seq., contra la recurrida Natural Face Lift, Inc., por discrimen, represalias y despido injustificado. Luego de varios incidentes procesales, el 13 de abril de 1995 la recurrida envió a la peticionaria un aviso de toma de deposición. Esta última se opuso a la toma de deposición . aduciendo que la notificación para la toma de la deposición se había efectuado luego de haber transcurrido más de sesenta (60) días, desde que se contestó la querella, lo que es contrario a la Regla 23.4 de las de Procedimiento Civil, 32 L.P.R.A. Ap. DI, R. 23.4. Adujo, además, que por tratarse de un procedimiento sumario, era necesario que se aplicase rígidamente la norma de la Regla 23.4, supra. El Tribunal permitió la toma de la deposición mediante orden emitida el 16 de mayo de 1995.
El Tribunal de Primera Instancia, al permitir la deposición de la querellante expresó lo siguiente:
"Condicionado a que la deposición sea tomada antes de la fecha señalada para la conferencia con antelación al juicio y advirtiendo a las partes que será el único mecanismo de prueba que la querellada podrá dirigir a la querellante, el tribunal autoriza la deposición."
Concluimos que el tribunal de instancia no incidió al permitir la toma de deposición bajo las circunstancias particulares de este caso. No podemos fijarle una camisa de fuerza a los tribunales de instancia en el manejo de los casos y éstos pueden tomar aquellas providencias que sean razonables para que los litigantes puedan hacer valer o defender sus derechos. En este caso, el tribunal de instancia tomó medidas para qüe no se dilataran los procedimientos, según se desprende de la orden antes transcrita.. Las restricciones impuestas por el tribunal, no afectaban el trámite judicial, tampoco perjudicaban a la peticionaria.
Por otro lado, es preciso tener presente que en este caso no se plantea exclusivamente una reclamación de salarios y despido injustificado sino que, además, se reclaman daños por sufrimientos y angustias mentales montantes a una cuantía sustancial no menor de $75,000.00. Esta reclamación propiamente corresponde formularse ante un procedimiento ordinario. Sin embargo, el recurrido ha expresado que no cuestiona que esta reclamación se ventile en este caso.
Otra consideración para nuestra determinación, lo es el hecho de que el aviso de toma de deposición fue enviado a la peticionaria el 13 de abril de 1995. Aunque para esa fecha ya habían transcurrido los sesenta (60) días dispuestos por la Regla 23.4. de las de. Procedimiento Civil, 32 L.P.R.A. Ap.III, la conferencia con antelación al juicio no se había celebrado y la misma estaba pautada para el 12 de junio de 1995, es decir, dos meses después de enviado, el aviso.
Atendido lo anterior, es forzoso concluir que no se alteraba ni perjudicaba el trámite judicial, médula del procedimiento sumario escogido por la peticionaria para ventilar sus reclamaciones laborales. Roberto Mercado v. ZETA Communications, Inc., 137 D.P.R._, 94 J.T.S. 50; y Díaz v. Hotel Miramar, 103 D.P.R. 314 (1975).
No puede pretender, ni exigir la peticionaria, que bajo las circunstancias particulares del caso de autos, que la Ley Núm. 2, supra y la Regla 23.4 supra, se apliquen inflexiblemente. Secretario del Trabajo v. J.C. Penney Co., Inc., 119 D.P.R. 660, 665.
En consideración a lo anterior, concluimos que no existe razón por la cual se deba anular la orden del Tribunal de Primera Instancia permitiendo la toma de deposición de la querellante.
*986 Se deniega el auto de certiorari solicitado.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General