EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Bacardí Corporation<br><br>Peticionario<br><br>v.<br><br>Evaristo Torres Arroyo<br><br>Recurrido | Certiorari<br><br>2019 TSPR 133<br><br>202 DPR \_\_\_\_ |

Número del Caso: CC-2018-91

Fecha: 26 de julio de 2019

Tribunal de Apelaciones:

    Región Judicial de Bayamón y Aibonito, Panel V

Abogados de la parte peticionaria:

    Lcdo. Pedro Manzano Yates
    Lcda. Eda L. Ortiz Bey

Abogada de la parte recurrida:

    Lcda. Valery López Torres

Materia: Procedimiento sumario laboral - La prohibición contra reconvenciones dentro del proceso sumario de la Ley Núm. 2 de 17 de octubre de 1961 no prohíbe que un patrono reclame derechos contra el empleado querellante por vía de un pleito independiente.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Bacardí Corporation

    Peticionario

      v.

                        CC-2018-0091

Evaristo Torres Arroyo

    Recurrido

Opinión del Tribunal emitida por el Juez Asociado señor MARTÍNEZ TORRES.

En San Juan, Puerto Rico, a 26 de julio de 2019.

El análisis de este caso se limita a si la prohibición contra reconvenciones en la sección 3 de la Ley Núm. 2, _infra_, sobre pleitos sumarios laborales, también prohíbe que el patrono pueda reclamar derechos contra el empleado querellante por vía de un pleito independiente. Concluimos que no.

I

En marzo de 2015, Bacardí Corporation reorganizó su empresa y eliminó varias plazas. La plaza que ocupaba el Sr. Evaristo Torres Arroyo, quien trabajaba allí desde hacía catorce años, fue una de las eliminadas, y el señor Torres Arroyo fue cesanteado el 31 de marzo de 2015.

Pocos días antes, el 23 de marzo de 2015, el señor Torres Arroyo suscribió con Bacardí un acuerdo de terminación y relevo de reclamaciones. Mediante este, reconoció que su despido fue por justa causa y que no fue víctima de discrimen por parte de Bacardí; aceptó que no tenía reclamaciones contra Bacardí a raíz del empleo o su terminación, y que de tenerlas renunciaba a ellas, y se comprometió a indemnizar a Bacardí por las costas, gastos y honorarios de abogado en caso de presentar una reclamación contra Bacardí.

Bacardí, en cambio, se comprometió a pagar $27,229 al señor Torres Arroyo. Al vencer el periodo de revocación del acuerdo y relevo, depositó la cantidad acordada en la cuenta de banco del señor Torres Arroyo.

Al año siguiente, el 9 de marzo de 2016, el señor Torres Arroyo presentó una querella contra Bacardí en el Tribunal de Primera Instancia, alegando despido injustificado y discrimen por edad. Según él solicitó, la querella se tramitó a través del procedimiento sumario de reclamaciones laborales bajo la Ley Núm. 2 de 17 de octubre de 1961 (32 LPRA sec. 3118 et seq). En su contestación a la querella, Bacardí incluyó como primera defensa afirmativa la existencia del acuerdo y relevo firmado por el señor Torres Arroyo, mediante el que este renunció a cualquier posible causa de acción contra Bacardí relacionada a su despido.

Por otro lado, Bacardí presentó una demanda el 9 de mayo de 2016 por incumplimiento contractual contra el señor

Torres Arroyo. Alegó que este violó el acuerdo y relevo y que estaba obligado a devolver el pago recibido por motivo del acuerdo. Además, solicitó el resarcimiento de los gastos, costas y honorarios de abogado en los que pudiera incurrir Bacardí al defenderse en el caso sumario laboral.

El señor Torres Arroyo solicitó la desestimación del caso instado por Bacardí, por entender que el tribunal carecía de jurisdicción porque Bacardí no tenía legitimación activa. Argumentó que Bacardí pretendía usurparle la jurisdicción a la sala que estaba atendiendo el proceso sumario laboral; que la causa de acción que pretendía reclamar estaba expresamente prohibida por las leyes laborales; que estaba demandando ilegal y maliciosamente al empleado, y que el acuerdo y relevo era nulo.

El Tribunal de Primera Instancia declaró la moción no ha lugar el 15 de agosto de 2016. Resolvió que la prohibición de reconvenir en el trámite sumario no era un impedimento para que Bacardí presentara una demanda independiente contra el señor Torres Arroyo. El tribunal razonó que esa prohibición pretende proteger el carácter sumario del proceso, impidiendo reclamaciones del patrono contra el empleado dentro de ese trámite, aunque surjan de los mismos hechos, pero que nada en la ley ni la jurisprudencia apunta a que el legislador haya querido inmunizar al obrero contra posibles reclamos del patrono en un procedimiento independiente. Entendió que, precisamente porque el trámite sumario prohíbe la reconvención, lo que el patrono tiene a

su haber para levantar reclamos contra el obrero es la acción independiente. Además, señaló que los acuerdos mediante los que un empleado pacta desistir de posibles reclamaciones no son, de por sí, contrarios a la ley, la moral o el orden público.

El señor Torres Arroyo solicitó del Tribunal de Primera Instancia que reconsiderara su determinación. Al no tener éxito, acudió mediante petición de certiorari al Tribunal de Apelaciones. Expuso que el foro primario erró al negarse a desestimar la demanda de Bacardí por falta de jurisdicción y por las alegaciones, ante la existencia simultánea del procedimiento sumario laboral, y al negarse a desestimar reclamaciones idénticas y simultáneas a las presentadas por Bacardí en el procedimiento sumario laboral.

El 29 de agosto de 2017, el Tribunal de Apelaciones revocó al Tribunal de Primera Instancia y decretó la desestimación con perjuicio de la demanda instada por Bacardí. Entendió que entre ambas partes existían paralelamente dos casos que versaban sustancialmente sobre el mismo asunto. Explicó que, conforme al mandato del legislador, un patrono solo puede hacer una alegación responsiva que comprenda todas sus defensas y objeciones. Las que no incluya, se entienden renunciadas. Concluyó que "Bacardí tenía disponible el presentar como una de sus defensas afirmativas la carencia de legitimación activa del señor Torres Arroyo como resultado del aludido Acuerdo y Relevo", y que, al no hacerlo, renunció a ese planteamiento.

Sentencia, Apéndice del certiorari, pág. 340. Por eso, no podía usar el pleito independiente como subterfugio para escapar las consecuencias jurídicas de su omisión.

Además, interpretó la demanda presentada por Bacardí como un intento de evadir el impedimento procesal y sustantivo que establece la Ley Núm. 2, supra, al prohibirle reconvencionar contra el querellante en relación con la controversia de su despido. El tribunal entendió que esa prohibición también impide la presentación de una demanda independiente.

El 12 de enero de 2018, Bacardí presentó una petición de certiorari ante nos. Señaló como error que el Tribunal de Apelaciones revocara la resolución del Tribunal de Primera Instancia y sostuviera que Bacardí estaba impedida de continuar con la demanda independiente, debido a la prohibición contra reconvenciones contenida en la Sec. 3 de la Ley Núm. 2, supra. Oportunamente, ambas partes presentaron sus alegatos.

II

La esencia del trámite sumario creado por la Ley Núm. 2, supra, es proveer un mecanismo judicial para que se consideren y adjudiquen querellas de obreros o empleados de manera rápida, principalmente en casos de reclamaciones salariales y beneficios. Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 732 (2016); Rivera v. Insular Wire Products Corp., 140 DPR 912, 923 (1996). Por eso, el carácter sumario constituye la médula de esta ley. Ruiz Camilo v. Trafon

Group, Inc., 200 DPR 254, 265 (2018); Díaz v. Hotel Miramar Corp., 103 DPR 314, 316 (1975).

Varias de sus disposiciones promueven que el proceso sea menos oneroso para el obrero reclamante. Entre estas, la Sec. 3 de la ley, 32 LPRA sec. 3120, prohíbe al patrono contrademandar o reconvenir contra el obrero reclamante: "En ningún caso al amparo de las secs. 3118 a 3132 de este título podrá contrademandarse o reconvenirse al obrero o empleado querellante por concepto alguno".

La reconvención es un reclamo hecho por la parte demandada en un pleito en respuesta a la parte demandante. Véase Reglas 11.1 a 11.5 de Procedimiento Civil, 32 LPRA Ap. V. Contrademanda es sinónimo de reconvención. Ambas palabras se han usado con mucha frecuencia en la jerga legal de Puerto Rico. El término preferido es el de reconvención, aunque la palabra contrademanda mantiene su popularidad en el uso informal.

Permitir las reconvenciones de patronos dentro del pleito sumario complicaría el litigio y cambiaría su naturaleza sumaria. Ello no impide al patrono presentar todas las defensas que tenga al momento de contestar la querella, sino que intenta evitar que el patrono dilate viciosamente el procedimiento.

Bacardí sostiene que la Sec. 3 de la Ley Núm. 2, supra, no le impide presentar una demanda independiente. Tiene razón.

De plano, notamos que la ley no lo impide expresamente. Lo único que prohíbe la disposición citada es que un patrono presente una reconvención o contrademanda dentro del pleito que se está ventilando sumariamente.

Segundo, el texto de la disposición es claro: prohíbe las contrademandas o reconvenciones en los casos al amparo de la Ley Núm. 2, supra. No es razonable leerlo como que prohíbe una demanda independiente, en otro proceso ordinario. La Ley Núm. 2, supra, es una ley procesal que establece y regula únicamente el proceso sumario en ella contenido. No da ni quita causas de acción. Tampoco tiene efecto fuera de los contornos del proceso sumario que establece. O sea, no prohíbe demandas independientes, ni puede prohibirlas, porque la prohibición existe solo dentro de un "caso al amparo de las secs. 3118 a 3132". Sec. 3, supra.

El Tribunal de Apelaciones señaló que, en Rivera v. Insular Wire Products Corp., supra, pág. 924, este Tribunal usó los términos "demandas o reconvenciones" a pesar de que la sección 3 de la Ley Núm. 2, supra, utiliza los términos "contrademanda o reconvenciones". Sin embargo, leer la palabra demanda donde el legislador escribió contrademanda, no altera el resultado. Una demanda dentro de otra demanda es una contrademanda, independientemente de la palabra que usemos. Resulta evidente que la expresión de "demandas o reconvenciones" en el caso citado no fue más que una elección de palabras. La ley dice claramente "contrademanda" y

nuestra Opinión en <u>Rivera v. Insular Wire Products Corp.</u>, <u>supra</u>, no discutió si debía leerse de manera distinta. Por eso es inmaterial que este Tribunal haya usado la palabra demanda, en lugar de contrademanda, en <u>Rivera v. Insular Wire Products Corp.</u>, <u>supra</u>. Invariablemente, lo que prohíbe la Sec. 3 de la Ley Núm. 2, <u>supra</u>, es la reconvención.

Una mirada al historial legislativo confirma la interpretación que acabamos de hacer del texto de la ley. En la Cámara de Representantes, mientras se discutía el Proyecto del Senado 194, que luego se convirtió en la Ley Núm. 2, <u>supra</u>, un legislador propuso una enmienda para eliminar, precisamente, el texto que decía: "En ningún caso que se tramite al amparo de esta ley podrá contrademandarse o reconvenirse al obrero o empleado querellante por concepto alguno." Su contención era que esa disposición ataría las manos de un patrono cuando el empleado le reclama algo a lo que no tiene derecho. El Sr. Ortiz Ortiz, presidente de la Comisión de lo Jurídico, se opuso a la enmienda y defendió la disposición. Mencionó que la enmienda de su compañero legislador había sido presentada de manera independiente por la Asociación de Agricultores y la Asociación de Productores de Azúcar, y que se discutió en la vista pública que celebró la Comisión de lo Jurídico. Explicó que la Comisión la rechazó porque

> [e]l propósito del Proyecto es mantener el carácter sumario, rápido, de las reclamaciones de salarios que no dure tanto como dura un caso ordinario. Dentro de ese marco, darle oportunidad a la otra parte. Ese es el propósito de las enmiendas nuestras, pero si se llegase a permitir

contrademandas en la misma reclamación, eso, pues, prolongaría el caso, prolongaría el juicio extensamente, indebidamente, porque ya se estarían considerando dos reclamaciones, una del obrero y otra del patrono, lo cual ampliará mucho más el término, el tiempo para ver el caso. P. del S. 194, Discusión 29 de agosto de 1961, XIV Diario de Sesiones Núm. 22 (extraordinaria), pág. 177.

Acto seguido, para que quede claro que esa disposición no deja indefenso al patrono, dijo:

Y quiero señalar que el hecho de que no se permita una contrademanda no impide que en otro caso independiente, en otra acción, el patrono pueda traer una reclamación contra el obrero, si el obrero le debe algo al patrono, pero en otro pleito, pero no en este mismo caso específico que debe ser sumario y que se retardaría demasiado de permitirse esa disposición. Íd.

La enmienda para eliminar esa disposición se sometió a votación y fue derrotada. Queda claro que el legislador no quiso eliminar el derecho del patrono a presentar causas de acción independientes contra el obrero, pero sí el derecho a reconvenir en el pleito, para así preservar su carácter sumario.

III

Resolver este caso no nos requiere abordar los méritos de la demanda de Bacardí. El único asunto ante nuestra consideración es si la acción independiente sobre incumplimiento de contrato presentada por Bacardí violó la prohibición contra reconvenciones y contrademandas contenida en la Ley Núm. 2, supra, de manera que procediera desestimar con perjuicio la demanda. Una desestimación con perjuicio constituye una adjudicación en los méritos. Es

decir, deja a la parte perdedora sin oportunidad de reclamar derechos de los que quizás es acreedor.

El Tribunal de Apelaciones se basó en premisas erróneas para desestimar. La primera, que ya discutimos, era que la Ley Núm. 2, supra, impedía la presentación de demandas independientes. La segunda era que Bacardí tenía disponible como una de sus defensas afirmativas la falta de legitimación activa del señor Torres Arroyo como resultado del acuerdo y relevo y que, al no presentarla, renunció a ella y ahora no podía usar el pleito independiente para evadir las consecuencias jurídicas de su omisión. El argumento es inmeritorio. En este caso, la acción independiente no puede interpretarse como subterfugio para una defensa no presentada. La primera defensa afirmativa que presentó Bacardí fue que existía un acuerdo y relevo, y que ello impedía al señor Torres Arroyo presentar su querella. Incluir las palabras "falta de legitimación activa" era innecesario e incorrecto. Además, la existencia del acuerdo y relevo como defensa afirmativa solo tiene un propósito defensivo, entiéndase, impedir que el reclamo en su contra prospere. En cambio, al presentar una acción independiente, Bacardí usó la existencia del acuerdo y relevo de forma ofensiva, o sea, para exigir el resarcimiento por las obligaciones contractuales incumplidas.

Es común que patronos y empleados transijan posibles reclamaciones relacionadas al despido con el fin de ahorrar tiempo, dinero y esfuerzo. Avalar la sentencia del Tribunal

de Apelaciones, además de ser erróneo en Derecho, arremetería contra el interés público en promover la transacción de las controversias.

Ahora bien, casos como este requerirán de la sana discreción del juez de instancia que los maneje. En el caso que nos ocupa, la presentación de la demanda de Bacardí requería estimar la conveniencia, en términos de economía procesal, de que dos salas evaluaran simultáneamente la validez de un mismo contrato. En Rivera v. Insular Wire Products Corp., supra, pág. 928, enfatizamos que los tribunales tienen amplia flexibilidad y discreción para manejar estos casos y resolverlos de la forma más justa, rápida y económica posible. Véase, también, Piñero v. A.A.A., 146 DPR 890, 902-903 (1998). También expresamos que el Tribunal de Primera Instancia guarda discreción para determinar si la querella de un obrero debe ser tramitada por la vía ordinaria, aunque el obrero reclamante considere conveniente tramitar su reclamación de forma sumaria. Berríos v. González et al., 151 DPR 327, 340 (2000); Rivera v. Insular Wire Products Corp., supra, pág. 927. Ese foro también puede separar causas de acción, consolidar trámites y, en casos complicados, hasta darles un manejo especial. Berríos v. González et al., supra, pág. 349; Rivera v. Insular Wire Products Corp., supra, págs. 929-930. Además, cuando los foros de primera instancia "determinan que las actuaciones de una parte están perjudicando y entorpeciendo los procedimientos, tienen amplia facultad para prohibir,

sancionar o castigar es[]e tipo de conducta y actitud". Rivera v. Insular Wire Products Corp., supra, pág. 930.

Nos hemos negado a sostener cualquier "interpretación en extremo rígida de los esquemas procesales en materia laboral que tenga el efecto práctico de privar a los foros de instancia de la discreción necesaria para considerar y decidir controversias de forma adecuada y cabal". Berríos v. González et al., supra, pág. 349. En ciertos casos, particularmente cuando los reclamos en el pleito sumario justifiquen convertirlo en ordinario, lo más adecuado podría ser consolidarlo con la demanda independiente del patrono. En otros casos, la demanda independiente del patrono pudiera no tener ningún asunto esencial en común, de hecho o de derecho, con el procedimiento sumario ya comenzado, de manera que ambos pudieran manejarse simultáneamente sin ningún inconveniente. El tribunal también podría decidir no continuar con el pleito independiente hasta que se resuelva el pleito sumario. Los posibles cursos de acción son variados, y el Tribunal de Primera Instancia que tiene el caso sumario es el foro idóneo para tomar las medidas que entienda que garantizarán el carácter sumario del proceso bajo la Ley Núm. 2, supra, y proteger los derechos de las partes. De ahí la utilidad de que las partes pongan en conocimiento a cada sala de la existencia del otro pleito.

Por otro lado, como dijo el foro primario, la demanda de Bacardí requería dilucidar si el acuerdo y relevo entre las partes era válido y si el señor Torres Arroyo lo violó

al presentar su querella. Ello, por supuesto, tiene como efecto que, si en uno de los dos pleitos se toma una determinación sobre la validez del contrato, el asunto quedaría adjudicado y, como regla general, no podría relitigarse en el otro pleito. La doctrina de impedimento colateral por sentencia "surte efectos cuando un hecho esencial para el pronunciamiento de una sentencia se dilucida y determina mediante sentencia válida y final. Como resultado, tal determinación es concluyente en un segundo pleito entre las mismas partes, aunque estén envueltas causas de acción distintas". A & P Gen. Contractors v. Asoc. Caná, 110 DPR 753, 762 (1981); véase, también, P.R. Wire Prod. v. C. Crespo & Assoc., 175 DPR 139 (2008). Una de las excepciones a esta doctrina opera cuando en el segundo pleito el demandado tiene oportunidades procesales que no estuvieron disponibles en la primera acción, de manera que podrían conllevar un resultado distinto. A & P Gen. Contractors v. Asoc. Caná, supra, pág. 760. Naturalmente, un pleito ordinario le proveerá al patrono oportunidades procesales que no estaban disponibles en el proceso sumario. En algunos casos, esa diferencia de oportunidad procesal justificará que se dilucide un asunto ya resuelto en el primer pleito. En otros casos, no. Nuevamente, le toca al Tribunal de Primera Instancia tomar esas decisiones.

IV

Resolvemos que la Ley Núm. 2, supra, no prohíbe la presentación de demandas independientes; solo prohíbe la

reconvención dentro del proceso sumario. Erró el Tribunal de Apelaciones al desestimar con perjuicio la demanda de Bacardí. Revocamos la sentencia del foro apelativo intermedio y devolvemos el caso al Tribunal de Primera Instancia para la continuación de los procedimientos.

Se dictará sentencia de conformidad.


                         RAFAEL L. MARTÍNEZ TORRES
                             Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Bacardí Corporation

    Peticionario

      v.

                         CC-2018-0091

Evaristo Torres Arroyo

    Recurrido


SENTENCIA

En San Juan, Puerto Rico, a 26 de julio de 2019.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de esta Sentencia, resolvemos que la Ley Núm. 2, _supra_, no prohíbe la presentación de demandas independientes; solo prohíbe la reconvención dentro del proceso sumario. Erró el Tribunal de Apelaciones al desestimar con perjuicio la demanda de Bacardí. Revocamos la sentencia del foro apelativo intermedio y devolvemos el caso al Tribunal de Primera Instancia para la continuación de los procedimientos.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez y el Juez Asociado señor Colón Pérez concurrieron con el resultado. El Juez Asociado señor Estrella Martínez disintió sin opinión escrita.


José Ignacio Campos Pérez
Secretario del Tribunal Supremo