Madeline Pérez Fernández, peticionaria, *v.* Municipio de Guaynabo, Héctor O'Neill y Antonio O'Neill, respectivamente, Alcalde y Director de Personal del Municipio, en su carácter oficial y personal, recurridos.

*Número:* CC-2001-217      *Resuelto:* 5 de septiembre de 2001

*Luis Amauri Suárez Zayas*, abogado de la parte peticionaria; *Graciela J. Belaval*, abogada del Municipio de Guaynabo, parte recurrida.

El Juez Asociado Señor Rivera Pérez emitió la opinión del Tribunal.

El presente recurso nos plantea la interrogante de si es responsable un municipio por el pago de honorarios de abogado, cuando el Tribunal de Primera Instancia concluye que la no renovación de un contrato de empleo temporero a una empleada responde a su estado de embarazo, y si es producto de discriminación por razón de género.

I

La Sra. Madeline Pérez Fernández trabajó, desde el 16 de mayo de 1994 hasta el 31 de diciembre de 1996, como empleada transitoria del Municipio de Guaynabo (en adelante Municipio), en el puesto de Auxiliar de Oficina del Departamento de Radiografía del Centro de Diagnóstico y Tratamiento (en adelante CDT). Ese último día se terminaron los contratos de empleos temporeros de 522 empleados transitorios del Municipio. Cuando se les entregó las cartas de cesantía, se les informó que pasaran por la Oficina de Personal en el mes de enero de 1997. A raíz de ello, la señora Pérez Fernández visitó dicha oficina, en donde fue entrevistada por el Director de Recursos Humanos, Sr. Antonio O'Neill, quien le solicitó que regresara con varios documentos para poder tramitar una solicitud de empleo.

El 18 de febrero de 1997 la señora Pérez Fernández volvió a visitar la Oficina de Personal con los documentos requeridos, teniendo ya siete (7) meses de embarazo. En dicha entrevista, el Sr. Antonio O'Neill le informó que los contratos de empleados temporeros del CDT no iban a ser renovados por el Municipio. Además, le informó que no podía emplearla, porque su condición de embarazo conllevaría que no podría trabajar por dos (2) meses debido a la licencia por maternidad.

Es menester señalar que el mismo día de esta entrevista se le extendió un nombramiento transitorio a otra

persona en la misma clasificación correspondiente al puesto que ocupaba la señora Pérez Fernández, y que posteriormente se creó otro en el mismo CDT que ella trabajaba.[1]

Así las cosas, en abril de 1997 la señora Pérez Fernández instó una querella al amparo de la Ley Núm. 2 de 17 de octubre de 1961[2] en contra del Sr. Antonio O'Neill, en su carácter oficial y personal, y del Municipio. Alegó que el Sr. Antonio O'Neill no la contrató por su estado de embarazo, ya que éste le manifestó que no le convenía al Municipio emplear una persona que estaría dos (2) meses fuera del trabajo por maternidad. Arguyó que tal proceder es contrario a la Ley Núm. 69 de 6 de julio de 1985.[3] Además, la señora Pérez Fernández solicitó que se le ordenara al Municipio extenderle un nombramiento regular de carrera, como empleada de éste, retroactivo al mes de febrero de 1997, con el pago de todos los salarios y beneficios marginales dejados de devengar hasta entonces. Solicitó, además, que se condenara a la parte demandada al pago de una suma no menor de setenta y cinco mil dólares ($75,000) por los daños y perjuicios sufridos a causa del discrimen, más las costas y honorarios de abogado.

Luego de varios incidentes procesales, incluyendo la determinación de que el caso se iba a tramitar por la vía ordinaria, se celebró la vista en su fondo. Sometido el caso, el Tribunal de Primera Instancia dictó sentencia mediante la cual declaró con lugar la causa de acción y estimó los daños sufridos en la suma de veinte mil dólares ($20,000). En vista de ello, condenó al Municipio y al Sr. Antonio O'Neill, en su carácter personal y oficial, a pagarle solida-

---

[1] Dichos nombramientos fueron renovados hasta que el Centro de Diagnóstico y Tratamiento (en adelante CDT) pasó a manos privadas el 30 de octubre de 1997. Por otra parte, el Municipio de Guaynabo (en adelante Municipio) extendió unos 96 nombramientos transitorios en enero, unos 246 en febrero, unos 169 entre marzo y mayo, y unos 56 durante los meses de junio y julio, para un total de 562 durante los primeros 7 meses del año.

[2] 32 L.P.R.A. secs. 3118–3132.

[3] 29 L.P.R.A. secs. 1321–1341.

riamente a la señora Pérez Fernández el doble de los daños estimados por el tribunal, más la cantidad de diez mil dólares ($10,000) en concepto de honorarios de abogado.[4]

El Municipio presentó una moción en la que solicitó unas determinaciones de hecho adicionales y una moción en oposición a la imposición de honorarios de abogado. Adujo que a los municipios no se les puede imponer honorarios de abogado por temeridad. La señora Pérez Fernández se opuso, alegando que los honorarios impuestos no fueron basados en conducta temeraria, sino a la luz de lo dispuesto en el Art. 18 de la Ley Núm. 69, *supra*.[5] En vista de ello, el Tribunal de Primera Instancia emitió la orden siguiente: "entendiéndose impuestos los honorarios al Sr. Héctor O'Neill en su carácter personal." El Municipio presentó una moción de reconsideración exponiendo que la causa de acción contra el alcalde, Sr. Héctor O'Neill, había sido desestimada. Por ende, dicho tribunal emitió otra resolución en la que aclaró que la imposición de los honorarios de abogado era contra el Sr. Antonio O'Neill, en su carácter personal. La señora Pérez Fernández presentó una moción de reconsideración en cuanto a este último dictamen, la cual fue denegada.

Inconformes, tanto la señora Pérez Fernández como el Municipio acudieron, mediante recursos separados, ante el Tribunal de Circuito de Apelaciones. La señora Pérez Fernández cuestionó la determinación de no encontrar responsable al alcalde, Sr. Héctor O'Neill, además de no imponerle honorarios de abogado al Municipio. El Municipio alegó en su recurso que la prueba vertida durante el juicio en su fondo no sostenía las determinaciones realizadas por el foro de primera instancia. El Tribunal de Circuito de

---

[4] Es menester señalar que la causa de acción presentada por la señora Pérez Fernández también era en contra del Alcalde del Municipio, Sr. Héctor O'Neill, en su carácter oficial y personal. No obstante, el Tribunal de Primera Instancia, mediante la sentencia dictada, desestimó la causa de acción contra el Alcalde en su carácter personal.

[5] 29 L.P.R.A. sec. 1338.

Apelaciones confirmó la sentencia dictada por el Tribunal de Primera Instancia. Resolvió que la determinación de dicho tribunal estaba sostenida por la totalidad de la evidencia que tuvo ante sí. En cuanto al error señalado por la señora Pérez Fernández sobre la imposición de honorarios de abogado al Sr. Antonio O'Neill, concluyó que es una imposición correcta en derecho. Expresó que no entraría a discutir el asunto sobre si el Municipio debía responder por la suma de honorarios de abogado impuesta, ya que independientemente de a quién el Tribunal de Primera Instancia se los impuso, la señora Pérez Fernández obtuvo el remedio solicitado.

Inconforme con lo determinado por el Tribunal de Circuito de Apelaciones, la señora Pérez Fernández acude oportunamente ante esta Curia señalando como error cometido por dicho tribunal lo siguiente:

> Erró el Tribunal de Circuito de Apelaciones, al igual que el Tribunal de Primera Instancia, al concluir que procedía eximir al Municipio de Guaynabo del pago de los honorarios de abogado impuestos en la sentencia dictada por el foro de instancia y al no resolver que, de conformidad con lo dispuesto en la Ley 69 de 1985 (29 L.P.R.A. [secs.] 1321–1341) y de conformidad con lo establecido en la Ley Núm. 402 del 12 de mayo de 1950 (32 L.P.R.A. [secs.] 3114–3117), éste es responsable y responde solidariamente de la totalidad de la sentencia dictada, incluyendo el pago de la suma de $10,000.00 concedida por concepto de honorarios de abogado.Petición de *certiorari*, págs. 5–6.

El 20 de abril de 2001 emitimos una Resolución, concediendo a la parte recurrida un término de veinte (20) días para mostrar causa por la cual no debía expedirse el auto de *certiorari* solicitado y revocarse la sentencia recurrida.

El 16 de mayo de 2001 la parte recurrida presentó su alegato en oposición a la petición de *certiorari*. Arguye, que si bien la reclamación de autos de la aquí peticionaria fue incoada bajo la Ley Núm. 69, *supra*, y la Ley Núm. 2, según enmendada, *supra*, el Tribunal de Primera Instancia convirtió el procedimiento en ordinario y el remedio conce-

dido fue en concepto de daños y perjuicios, y no en resarcimiento de salarios u otros beneficios dejados de percibir.

## II

■ La Ley Núm. 69, *supra*, declara el discrimen por razón de sexo una práctica ilegal de empleo. Mediante ésta, a diferencia de la Ley Núm. 100 de 30 de junio de 1959,[6] las entidades gubernamentales pueden ser responsables por actuar contrario a lo dispuesto por el referido estatuto, por estar incluidas dentro de su definición de "persona" y de "patrono".[7]

El Art. 3 de la Ley Núm. 69, *supra*,[8] dispone lo siguiente:

> Será práctica ilegal de empleo el que un patrono:
> (1) Cuando por razón de su sexo, suspenda, rehúse emplear o despida cualquier persona, o que de cualquier otra forma discrimine contra una persona, con respecto a su compensación, términos o condiciones de empleo; ....

El Art. 12 de la Ley Núm. 69, *supra*,[9] dispone lo siguiente:

> Cualquier pregunta realizada antes de emplear a una persona en relación con un empleo futuro que directa o indirectamente exprese cualquier limitación, especificación o discrimen

---

[6] 29 L.P.R.A. secs. 146–151.

[7] *Rivera Briceño v. Rodríguez*, 129 D.P.R. 669 (1991). El Art. 2 de la Ley Núm. 69 de 6 de julio de 1985 (29 L.P.R.A. sec. 1322) dispone lo siguiente:

"*Los siguientes términos, para propósitos de este capítulo y salvo cuando resultaren manifiestamente incompatibles con los fines de éste, significarán:*

"(1) *Persona*—El término 'persona' incluye a persona natural o jurídica; a uno o más individuos, sociedades, asociaciones, corporaciones, representantes legales, fideicomisarios, síndicos, gobiernos, agencias del Gobierno, subdivisiones políticas, uniones obreras, organizaciones no incorporadas.

"(2) *Patrono*—Incluye a toda persona natural o jurídica que emplee obreros, trabajadores o empleados, y al jefe, funcionario, agente, oficial, gestor, administrador, superintendente, capataz, mayordomo o representante de dicha persona natural o jurídica."

[8] 29 L.P.R.A. sec. 1323.

[9] 29 L.P.R.A. sec. 1332.

en cuanto al sexo, será ilegal a menos que se haga a base de un requisito ocupacional *bona fide.*

El Art. 14 de la Ley Núm. 69, *supra,*[10] dispone lo siguiente:

(a) Será una práctica ilegal de empleo, una política o práctica escrita o verbal en que un patrono excluya del empleo a solicitantes o empleados por razón de embarazo, parto o condiciones médicas relacionadas.

(b) Las incapacidades causadas o atribuidas al embarazo, parto o condiciones médicas relacionadas para fines relacionados con el empleo serán tratadas igual que otras incapacidades causadas o atribuidas a otras condiciones médicas.

■ No nos presenta duda alguna que una manifestación de parte del patrono en contra de o que cuestione la persona por razón de su sexo, constituye una práctica ilícita prohibida por la Ley Núm. 69, *supra.* De las determinaciones de hecho realizadas por el Tribunal de Primera Instancia se desprende que la señora Pérez Fernández se personó al municipio a una entrevista en enero de 1997, y que le comunicaron que una vez obtuviera ciertos documentos acudiera a la Oficina de Personal para otra entrevista. Es en esta segunda entrevista que el Sr. Antonio O'Neill le hace la expresión de que no era conveniente su contratación, debido a que estaba próximo el alumbramiento de su hijo. Dicha manifestación constituyó una práctica ilícita de empleo.

## III

■ ¿Es responsable un municipio por el pago de honorarios de abogado, a tenor con el Art. 18 de la Ley Núm. 69, *supra,*[11] cuando el Tribunal de Primera Instancia concluye que la no renovación de un contrato de empleo tem-

---

[10] 29 L.P.R.A. sec. 1334.

[11] 29 L.P.R.A. sec. 1338.

porero a una empleada responde a su estado de embarazo y es producto de discriminación por razón de género? Concluimos en la afirmativa. Veamos.

El Art. 18 de la Ley Núm. 69, *supra*, dispone, en lo pertinente, lo siguiente:

> En la sentencia que se dictare contra cualquier patrono u organización obrera se le impondrán a éstos las costas y una suma razonable que nunca será menor de trescientos ($300) dólares para honorarios de abogado, si éste no fuere uno de los abogados del Departamento del Trabajo y Recursos Humanos.

En vista de que el Art. 2 de la Ley Núm. 69, *supra*, 29 L.P.R.A. sec. 1322, considera patrono al Gobierno, sus agencias y subdivisiones políticas, y de que el Art. 18 de la Ley Núm. 69, *supra*, dispone sobre la obligación de los tribunales de imponer a los patronos una suma razonable por concepto de honorarios de abogado que nunca será menor de trescientos dólares ($300), cuando se dicta sentencia en su contra, concluimos que el Tribunal de Primera Instancia y el Tribunal de Circuito de Apelaciones erraron al no condenar solidariamente al Municipio de Guaynabo a pagar la suma por concepto de honorarios de abogado determinada. Bajo las circunstancias particulares de este caso, no podríamos resolver otra cosa que no sea que el municipio, como patrono perdidoso, tiene la obligación de pagar honorarios de abogado.

La parte recurrida arguye que, por razón de que el Tribunal de Primera Instancia convirtió el procedimiento en ordinario y que el remedio concedido fue de daños y perjuicios, y no en resarcimiento de salarios u otros beneficios, no es procedente imponerle al Municipio de Guaynabo el pago de honorarios de abogado. No tiene razón. El remedio concedido fue el dispuesto por el Art. 21 de la Ley Núm. 69, *supra*.([12]) No es el procedimiento utilizado el criterio que

---

([12]) 29 L.P.R.A. sec. 1341. Dicho estatuto dispone, en parte, lo siguiente:

"Toda persona, patrono y organización obrera según se definen en este título, que incurra en cualquiera de las prohibiciones del mismo:

gobierna la imposición de honorarios de abogado a un municipio, bajo las circunstancias particulares de este caso, sino la ley sustantiva aplicable.

## IV

Por los fundamentos antes expuestos, *procede expedir el auto de "certiorari" solicitado y revocar la sentencia recurrida, así como la resolución emitida por el Tribunal de Primera Instancia que eximió del pago de honorarios de abogado al Municipio de Guaynabo.*

*Se dictará sentencia de conformidad.*

---

"(a) Incurrirá en responsabilidad civil:

"(1) Por una suma igual al doble del importe de los daños que el acto haya causado al empleado o solicitante de empleo; ...."